IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JERAD SCOTT EVANS,

        Plaintiff,        Civil No. 10-6038-TC

        v.                   FINDINGS AND
                                  RECOMMENDATION
DR. BAXTER, et al.,

        Defendants.

COFFIN, Magistrate Judge.

    Plaintiff's Application to proceed in forma pauperis (#1) is allowed. However, for the reasons set forth below, plaintiff's complaint should be dismissed without prejudice.

    Plaintiff filed a complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated during a mental health consultation by ODOC Correctional Treatment Services.

    Plaintiff alleges that he did not complete the prison grievance process because "not enough time, release 2/26/10." Complaint (#2) P. 2.

    The Prison Litigation Reform Act (PLRA) provides: No

1 - FINDINGS AND RECOMMENDATION

action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S. C. § 1997e(a); Porter v. Nussle, 534U.S. 516, 531-32; Booth v. Churner, 532 U.S. 731 (2001). In the Ninth Circuit, inmates are required to exhaust **all** grievance remedies **prior** to filing a 1983 action, including appealing the grievance decision to the highest level within the grievance system. Bennet v. King, 293 F.3d 1096, 1098 (9th Cir. 2002); McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).

The Ninth Circuit Court of Appeals has held that failure to exhaust nonjudicial remedies is not jurisdictional and should be treated as a matter in abatement. If the district court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice. Waytt v. Terhune, 315 F.3d 1108 (9th Cir. 2003).

The Oregon Department of Corrections has a grievance system to address inmate complaints. See, Defendants Exhibit 101, Attachment No. 1, OAR 291-109-005 through 291-109-0060. Inmates may appeal the decisions or results of matters filed through the grievance process. See, 291-109-0050. An appeal would go to the functional unit manager who is required to respond within 30 days. See, OAR 291-109-0050(1). The

2 - FINDINGS AND RECOMMENDATION

decision of the functional unit manager may also be reviewed by appealing to the Assistant Director. See, OAR 291-109-0050(3)-(4).

Plaintiff acknowledges in his complaint that he did not file a grievance concerning his claim in this case. Complaint (#2) p. Therefore, this action should be dismissed without prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 1 day of April, 2010.

Thomas M. Coffin
United States Magistrate Judge

3 - FINDINGS AND RECOMMENDATION